[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 18, 1966 at Sanford, Florida. They have resided continuously in this state since May 1980. There are two children issue of the marriage Christopher, born August 4, 1972 who is over the age of 18 and Stephanie born November 22, 1974.
The evidence presented at trial has clearly established the CT Page 2702 allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-58, 46b-81, 46b-82, and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 44 years of age and in good health. She obtained her B.S. Degree in 1989. The plaintiff has been gainfully employed since January 1981 and at the present time she is employed as an assistant to the registrar at the University of Connecticut at Stamford. The plaintiff's present salary is $20,835 per year.
The defendant is 46 years of age and in good health. A graduate of Georgia Institute of Technology, the defendant holds a responsible position at Olin Corporation where he has worked since 1979. The defendant has a yearly salary of $90,108 per annum. In addition, he has a pension plan valued at $40,973 as of March 1990; an Employee Thrift Plan of $120,000; (401K) an Individual Retirement Account of $16,504, and Certificates of Deposit in the principal amount of $64,447
It would appear that the marriage has been an unhappy one for several years. The defendant claimed the marriage broke down in 1979. The plaintiff claims the marriage broke down sometime in 1986.
It was not until the summer of 1987 that the defendant took positive action to curb his drinking problem. The plaintiff characterized the defendant as an alcoholic. The defendant has successfully completed some out patient programs to address his alcohol problems and is still continuing in therapeutic counseling.
The toll on the family however, still shows its effect. Their son Christopher aged 18 1/2 became involved in drugs and alcohol and required special schooling in Maine. He is due to graduate from high school in June 1991. The daughter Stephanie, at the age of 13 required hospitalization at Silver Hill on two occasions, developed an eating disorder and attempted suicide. She is presently under the care of a psychiatrist and is attending the Karafin School in Mt. Kisco, New York.
According to Diane Saffron, a psycho-therapist who worked with the entire family, the defendant did not feel accountable for the mental and emotional abuse and stress felt by the plaintiff and the two children. Both the plaintiff and the minor daughter became depressed and the son developed a drug problem CT Page 2703 which resulted in his being removed from the home. The constant stress on each member of the family over a long period of time has cost them their mental health. The defendants' grandfather, mother and brother were also alcoholic's according to the testimony presented.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the evidence presented at trial. Sufficient evidence was presented for the court to find that the marriage has irretrievably broken down.
Real Estate
The major asset of this marriage is the marital home located at 458 Rockrimmon Road, Stamford. Much testimony was presented concerning the value of this real estate. Although both parties indicated a fair market value of $360,000 on their financial affidavits, the plaintiff presented a real estate broker/appraisal who indicated the property had a market value of $450,000. Both real estate experts agreed that the marital home needs cosmetic and repair work, a minimum of $10,000 to put it in condition to obtain the best selling price. Both parties are desirous of disposing of the home. There is presently a first mortgage on the premises of approximately $85,000.
The court has considered the proposals of the respective parties as presented in their claims for relief and at oral argument.
The following orders shall enter with respect to the marital home.
A. 1. As an assignment of property, the defendant shall pay to the plaintiff the sum of $140,000 as follows:
(a) $115,000 within 30 days of date;
(b) the defendant shall give the plaintiff a note for the balance of $25,000 with interest of 6%, secured by a second mortgage on the real estate, which note and interest thereon shall be due and payable upon the sale of the marital home or one year from date, whichever shall first occur.
2. The plaintiff shall convey to the defendant her interest in the marital home subject to the outstanding mortgage, upon payment of the $115,000 by the defendant. The defendant shall hold the plaintiff harmless from any liability in connection with the first mortgage which the defendant shall assume to pay. CT Page 2704
3. The plaintiff shall have exclusive possession of the premises until July 1, 1991. The defendant shall be responsible for the mortgage, taxes and home owner's insurance on the premises.
B. 1. If the defendant is unable to pay the plaintiff the sum of $115,000 within 30 days as set forth above, then the marital home shall be placed on the market for sale immediately.
2. The defendant shall be in charge of providing the cosmetic and repair and fix-up work in an amount not to exceed $15,000. Each party shall be responsible for one-half of the reasonable cost of such repairs. Upon the sale of the real estate, the net proceeds after the payment of the mortgage, conveyance taxes, real estate commission, attorney fees, cost of fix-up repairs as set forth above, and usual closing costs, the net proceeds shall be divided 50% to the plaintiff, and 50% to the defendant.
3. The plaintiff shall be entitled to exclusive possession of the premises, until such time as the premises is sold. The plaintiff shall cooperate with the defendant to facilitate the necessary fix-up repairs and work. Both parties shall use their best efforts to effect a sale at the earliest possible opportunity.
4. In the event the parties are unable to agree on a listing price, each party shall select an arbitrator who shall be a licensed real estate broker with a real estate firm in the City of Stamford and the two arbitrators so selected shall select a similar broker and the three brokers shall arrive at the appropriate listing price. The listing price shall be reviewed every 60 days by the plaintiff and the defendant to determine d whether any adjustment should be made in the listing price. If the parties are unable to agree, the above procedure shall be employed. The court retains jurisdiction over any questions arising out of the sale of the real estate in the event the arbitration does not resolve the issues. Any costs of arbitration shall be equally paid by the plaintiff and the defendant.
5. The parties shall accept any bona fide offer within 3% of the listing price.
6. The defendant shall be responsible for the mortgage, real estate taxes and homeowner's insurance until the premises are sold.
Custody and Visitation CT Page 2705
The parties have agreed and stipulated to joint legal custody with the primary residence to be with the plaintiff. The defendant shall have reasonable rights of visitation. The attorney for the minor child and the Family Services, assisted the parties and the court in resolving this issue which came up during the course of the trial. The agreement of the parties as read into the record is approved, entered as an order and incorporated into this memorandum and decree.
Child Support
The defendant shall pay to the plaintiff as child support for the minor child the sum of $1,100 per month. This amount is slightly less than the child support guidelines provides, however, the court has taken into consideration the defendant's written agreement to provide support for the minor child for approximately 6 months beyond the age of majority and the court's orders with respect to medical expenses for the minor child.
The defendant shall maintain primary group hospital and medical coverage and major medical as is available through his employment for the benefit of the minor child. The defendant shall be responsible for any unreimbursed medical, dental and mental health expenses, including psycho-therapeutic expenses, not covered by the defendant's medical coverage and not covered by any secondary coverage that the plaintiff may have through her employment.
Alimony
So long as the plaintiff continues to occupy the marital home, the defendant shall pay to the plaintiff as alimony the sum of $1,300 per month payable one-half on the (1st) first of the month and one-half on the (15th) fifteenth of each month commencing April 1, 1991.
Commencing on the first of the month after the plaintiff has vacated the marital home, the defendant shall pay to the plaintiff as alimony the sum of $1,500 per month payable one-half on the (1st) first of each month and one-half on the (15th) fifteenth of each month.
Said alimony shall be paid during the lifetime of the defendant and until the death or remarriage of the plaintiff, or the plaintiff reaches the age of 62 or the retirement of the defendant, whichever event shall first occur.
Pension Plans CT Page 2706
1. The plaintiff shall be entitled to a Qualified Domestic Relations Order (QDRO) giving her a 45% interest in the defendant's pension with his employer at the time of the defendant's retirement, based on its value as of March 1, 1991.
2. The plaintiff shall be entitled to a Qualified Domestic Relations Order giving her 50% of the value of the defendant's 401(k) Thrift Plan based on its value as of March 1, 1991.
3. The defendant shall be entitled to his Individual Retirement Account.
4. The plaintiff shall be entitled to her pension and her Individual Retirement Account.
Other Assets
1. The Certificate of Deposit Account shall be equally divided between the plaintiff and the defendant.
2. The furniture and furnishings contained in the marital home shall be divided between the plaintiff and the defendant as they shall agree. In the event the parties are unable to agree on such a division, the matter is referred to Family Services for mediation. If mediation is unsuccessful, the court reserves jurisdiction to conduct a hearing and issue orders thereon.
3. The plaintiff shall be entitled to the 1988 Toyota motor vehicle.
Miscellaneous
The stipulation signed by the parties and dated March 7, 1991 with respect to post 18 child support is approved and entered as an order.
Counsel Fees
The defendant shall pay to the plaintiff as a contribution toward her attorney's fees, the sum of $10,000.
Insurance
The defendant shall name the plaintiff as beneficiary on his group life insurance through his employer in the amount of $180,000 for as long as the defendant has obligations of alimony and/or child support payments.
An immediate withholding is ordered. CT Page 2707
COPPETO, J.